IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Stacy W. Howard,                           )
                                           )    Civil Action No. 6:08-3171-GRA-WMC
                        Plaintiff,         )
                                           )         **ORDER AND**
            vs.                            )    **REPORT OF MAGISTRATE JUDGE**
                                           )
John E. Ozmint, Director; et al.,          )
                                           )
                        Defendants.        )
_____)

This matter is before the court on the plaintiff's motion to amend his complaint, motion for extension of time to respond to the defendants' motion for summary judgment, motion to appoint counsel, and motion for preliminary injunction. The plaintiff, a state prisoner who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

This action is premised on the plaintiff's incarceration at the Evans Correctional Institution. The plaintiff was incarcerated there from April 2005 to December 2005. He was incarcerated as a result of convictions received in Georgetown and Williamsburg County. He was sentenced by Judge Newman on December 6, 2004, in Williamsburg County for Assault and battery of a High and Aggravated Nature. He received 10 years suspended to two years jail time with two years probation and given credit for time served on this sentence, which was calculated at 167 days. He was sentenced by Judge

Baxley on August 26, 2004, in Georgetown County for Contempt of Court. He received six months to run consecutive to any jail time received by him in Williamsburg County with no credit for time served. The plaintiff was released from prison on December 15, 2008, and he is currently in jail on new sentences and probation violations.

In his original complaint, the plaintiff alleged the following deprivation of rights:

a)   Denial of access to courts (comp. ¶¶ 19, 24, 25, 26, 27, 31);

b)   An assault and/or battery by Officer Green which allegedly occurred on October 18, 2005 (comp. ¶¶ 16, 21);

c)   Complaints regarding the plaintiff's confinement on or around October 18, 2005 (comp. ¶¶ 17, 22);

d)   Complaints regarding his confinement on or about September 14, 2005 (comp. ¶¶ 19, 25, 28, 31);

e)   Inappropriate response and/or retaliation to his inmate grievances (comp. ¶¶ 19, 24, 25, 27, 28, 32);

f)   Being held after his sentence expired (comp. ¶¶ 18, 20, 23, 29); and

g)   Disparate treatment (comp. ¶ 30).

On February 6, 2009, the plaintiff filed a motion to amend his complaint (doc. 42) to add defendants and causes of action. According to the plaintiff, the additional defendants and causes of action are all relative to his claim that he was deliberately held after his sentence expired. The plaintiff attached a proposed amended complaint to his motion. Federal Rule of Civil Procedure 15(a) provides: "[A] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Under the rule's liberal construction, motions to amend should be granted absent extraordinary circumstances. Such circumstances include undue delay, bad faith or dilatory motive, a repeated failure to cure deficiencies, undue prejudice to the opposing party, and

2

futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the defendants have already filed their answer to the complaint, but in view of the rule's liberal construction, the plaintiff's motion to amend is granted.

On February 11, 2009, the defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. By order filed February 18, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 11, 2009, the plaintiff filed a motion for extension of time to respond to the motion for summary judgment. In view of the above ruling on the motion to amend, the defendant may file an amended motion for summary judgment on or before April 24, 2009. After the motion is filed, the plaintiff will receive another *Roseboro* order, and thus his time to respond will begin again. Accordingly, the motion for extension of time is moot.

On March 11, 2009, the plaintiff filed a motion for appointment of counsel. The Congress does not appropriate funds to pay attorneys who represent litigants in civil rights cases. 53 Comp. Gen. 638 (1974). Although this economic fact is not conclusively determinative of the issue, it is a practical consideration which cannot be ignored. Moreover, it has been authoritatively stated in this context that a person who has a legitimate civil rights claim for damages "will likely find private counsel available on a contingent fee basis." *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978), *cert. denied*, 442 U.S. 911 (1979). In most civil rights cases, the issues are not complex, and whenever such a case is brought by a *pro se* litigant, this court outlines proper procedure so the *pro se* litigant will not be deprived of a fair opportunity to present his or her case. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). In some instances, of course, a failure to make a discretionary appointment of counsel may represent an abuse of discretion, but this is not

3

the type of case which presents factors that clearly reflect a need for the plaintiff to have counsel appointed.

On March 11, 2009, the plaintiff filed a motion for preliminary injunction. In the motion, the plaintiff asks that the court "prevent the deprivation of [his] due process right to access the courts through an adequate, effective, and meaningful law library . . . ." Specifically, he asks that he be appointed an attorney, and if that is not feasible, that he be given "an adequate law library and six hours library time a day, five days a week, for 30 days."

In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

(a)    The plaintiff's likelihood of success in the underlying dispute between the parties;

(b)    whether the plaintiff will suffer irreparable injury if the injunction is not issued;

(c)    the injury to the defendant if the injunction is issued; and

(d)    the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271. If the balance tips decidedly in favor of the plaintiff, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus more deliberate investigation." However, if the balance does not tip decidedly there must be a strong probability of success on the merits. *Direx Israel,*

4

*Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812-13 (4th Cir. 1991). Lastly, the court must evaluate whether the public interest favors granting preliminary relief. *Id.* at 814.

For the reasons set forth above, the plaintiff's request for appointment of counsel is denied. Furthermore, the plaintiff has not met his burden to establish entitlement to a preliminary injunction. As noted by the defendants, the plaintiff has brought numerous lawsuits and has filed at least nine motions in this case without the need of a mandated time period in the law library or a preliminary injunction. Furthermore, if a specific time period in the law library is mandated in this case, it will create an undue burden on the logistics related to prison regulations. Based upon the foregoing, the plaintiff's motion for preliminary injunction should be denied.

## CONCLUSION

Based upon the foregoing,

IT IS ORDERED that the plaintiff's motion to amend (doc. 42) is granted. The Clerk of Court is directed to file the plaintiff's proposed complaint as his amended complaint. The defendants may file an amended motion for summary judgment on or before April 24, 2009, after which time another *Roseboro* order will be issued, and the plaintiff will have time to file his response. Thus, the plaintiff's motion for extension of time (doc. 55) is moot.

IT IS FURTHER ORDERED that the plaintiff's motion to appoint counsel (doc. 56) is denied.

IT IS RECOMMENDED that the plaintiff's motion for preliminary injunction (doc. 57) be denied.

April 1, 2009
Greenville, South Carolina

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE