IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Stacy W. Howard, ) | |
| ) | Civil Action No. 6:08-3171-GRA-WMC |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| John E. Ozmint, Director; et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court for review of the magistrate's Order and Report and Recommendation filed on April 1, 2009 made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) (D.S.C.). This action stems from the plaintiff's incarceration at the Evans Correctional Institution where he was housed from April 2005 to December 2005 and was originally filed on September 17, 2008. On February 6, 2009, the plaintiff filed a motion to amend his complaint to add defendants and causes of action, all of which, he argues, relate to his claim that he was deliberately held after his sentence expired.

On February 11, 2009, the defendants filed a Motion to Dismiss or in the Alternative, a Motion for Summary Judgment. By order filed February 18, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.

On March 11, 2009, the plaintiff filed a motion for a preliminary injunction. In

the motion, the plaintiff asks that the court "prevent the deprivation of [his] due process right to access the courts through an adequate, effective, and meaningful law library . . . ." Specifically, he asked to be appointed an attorney, and if that is not feasible, that he be given "an adequate law library and six hours library time a day, five days a week, for 30 days."

In his Order and Report and Recommendation, Magistrate Judge Catoe recommended denying the plaintiff's request for a Preliminary Injunction. Second Judge Catoe granted the plaintiff's motion to Amend Complaint. Third, judge Catoe denied the plaintiff's motion to Appoint Counsel. Finally, Judge Catoe gave the defendants through April 24, 2009 to file an amended motion for summary judgment.

With respect to the requested preliminary injunction, the magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the

objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The plaintiff objects to the Order and Report and Recommendation on two grounds. First, the plaintiff argues that he is entitled to appointed counsel. This Court will construe this "objection" as an appeal of the magistrate's denial of the plaintiff's request for appointed counsel. Second, the plaintiff argues that his motion for injunctive relief should by granted because the prison law library, and access thereto, provides insufficient research capacities for his multitude of lawsuits. The Court will

construe this as an objection to the magistrate's recommendation of dissmissal.

The plaintiff is not entitled to an appointed attorney in this civil matter.  Though permitted under 28 U.S.C. § 1915, appointment of counsel is

> a matter within the discretion of the District Court. It is a privilege and not a right.  This statute is merely descriptive of the court's inherent power, and makes such request discretionary on the part of the court but does not grant a statutory right to an individual to have counsel appointed in a civil action.

*Bowman v. White*,  388 F.2d 756, 761 (4th Cir. 1968)(internal citations omitted).  After a complete review of the pleadings, this Court is confident that the plaintiff's intelligence and experience will allow him to adequately pursue this claim.  Accordingly, this Court holds that the magistrate properly rejected the plaintiffs request for appointed counsel.

Second, the plaintiff argues that his access to legal materials is insufficient and warrants an injunction.   "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498 (1977).  However, the right to access to legal materials is not unlimited, and the Fourth Circuit has held law libraries access adequate even when the libraries were missing some judicial materials and when prisoners face substantial restrictions on usage. *See Strickler v. Waters*, 989 F.2d 1375, 1383 (4th Cir. 1993) (upholding the adequacy of a law library despite its missing numerous volumes);

*Magee v. Waters*, 810 F.2d 451, 453 (4th Cir. 1987)(upholding a prisons allowance of less than one hour a week in a short term prison facility).

Based on a complete review of the record, it is clear that the plaintiff has been given adequate access to the law library.  The plaintiff has numerous actions pending before the Court and any of the alleged problems with access to the legal library do not appear to have brought about a specific injury or prejudiced him in a substantial way.  Judging by the nature, quality and quantity of the plaintiff's motions, the law library appears to be adequate.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Accordingly, the magistrate's order denying appointment of counsel is AFFIRMED and the petitioner's Request for Injunctive Relief is DENIED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

June 3, 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.