IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Stacy Howard, ) | |
| ) | Civil Action No. 6:08-3171-GRA-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| John E. Ozmint, Director, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on multiple motions by the plaintiff. The plaintiff, a state prisoner who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

This action is premised on the plaintiff's incarceration at the Evans Correctional Institution. The plaintiff was incarcerated there from April 2005 to December 2005 as a result of convictions received in Georgetown and Williamsburg County. He was sentenced by Judge Newman on December 6, 2004, in Williamsburg County for assault and battery of a high and aggravated nature. He received 10 years suspended to two years jail time with two years probation and was given credit for time served on this sentence, which was calculated at 167 days. He was sentenced by Judge Baxley on August 26, 2004, in Georgetown County for Contempt of Court. He received six months, to run consecutive to any jail time received in Williamsburg County with no credit for time served. The plaintiff was released from prison on December 15, 2008, and he is currently

incarcerated at Kershaw Correctional Institution on new sentences and probation violations. He alleges claims including conditions of confinement, excessive force, denial of access to courts, conspiracy, and disparate treatment.

On February 6, 2009, the plaintiff filed a motion to amend his complaint. On February 11, 2009, the defendants filed a motion to dismiss or, in the alternative, for summary judgment. By order filed February 18, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 11, 2009, the plaintiff filed a motion for extension of time to respond to the motion for summary judgment. On April 1, 2009, this court granted the plaintiff's motion to amend his complaint and gave the defendants an opportunity to file an amended dispositive motion, which they did on May 26, 2009. By order filed May 26, 2009, pursuant to *Roseboro*, 528 F.2d 309, the plaintiff was again advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. Subsequently, on June 15, 2009, the plaintiff filed various motions now before the court.

The plaintiff filed a motion to alter or amend judgment (doc. 98). He asks that the court reconsider the previous order denying appointment of counsel and recommending that the plaintiff's motion for a preliminary injunction be denied. On June 3, 2009, the Honorable G. Ross Anderson, Jr., Senior United States District Judge, adopted this court's recommendation, affirming the denial of appointment of counsel and denying the plaintiff's request for injunctive relief. The plaintiff argues that the court overlooked certain facts and law. He further argues that the law library at Kershaw Correctional Institution is inadequate.

In his original motion for a preliminary injunction, the plaintiff asked that the court "prevent the deprivation of [his] due process right to access the courts through an adequate, effective, and meaningful law library . . . ." Specifically, he asked that he be appointed an attorney and, if that was not feasible, that he be given "an adequate law

2

library and six hours library time a day, five days a week, for 30 days." This court found as follows:

> [T]he plaintiff has not met his burden to establish entitlement to a preliminary injunction. As noted by the defendants, the plaintiff has brought numerous lawsuits and has filed at least nine motions in this case without the need of a mandated time period in the law library or a preliminary injunction. Furthermore, if a specific time period in the law library is mandated in this case, it will create an undue burden on the logistics related to prison regulations.

(4/1/09/ R&R).

The defendants opposed the motion to reconsider and submitted the affidavit of Vernon Tucker, the Education Coordinator for Kershaw Correctional Institution, in support of their opposition. Mr. Tucker testified that if an inmate requests a specific item that is not available in the library, a request for the information is sent to other facilities. If it is not available in other facilities, a request is sent to the general counsel (Tucker aff. ¶ 5). Mr. Tucker knows of no circumstances where the plaintiff was unreasonably denied access to legal materials. Based upon the foregoing, this court finds no basis for reconsideration of the order denying appointment of counsel or the recommendation of denial of the motion for preliminary injunction.

The plaintiff filed a motion to amend his motion for preliminary injunction (doc. 101). He makes the same arguments as addressed in the above motion to reconsider. For the same reasons discussed above, the motion is denied.

The plaintiff also filed a motion to amend his complaint (doc. 100). He seeks to add allegations regarding "a sequence of events that have occurred after the filing of this action." As discussed above, the defendants have already filed a motion for summary judgment and then an amended motion for summary judgment after the plaintiff was allowed to amend his complaint in April 2009. This action is now nearly a year old. Any new allegations must be addressed in a separate action. The motion to amend is denied.

3

The plaintiff filed a motion for a stay of this action (doc. 99) until the court rules on the foregoing motions. This motion is denied as the motions have now been resolved.

Lastly, on June 29, 2009, the plaintiff moved for an extension of time (doc. 104) to respond to the defendants' amended motion for summary judgment. He seeks an enlargement of time until the above motions are ruled upon. The plaintiff's response was originally due on or before June 29, 2009. The plaintiff's request for an extension is granted. The plaintiff must file any opposition on or before July 31, 2009. No further extensions will be given.

Based upon the foregoing, the plaintiff's motions (doc. nos. 98, 99, 100, 101) are denied. The plaintiff's motion for an extension of time (doc. 104) is granted as set forth above.

IT IS SO ORDERED.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

July 13, 2009

Greenville, South Carolina