IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Stacy W. Howard, | ) |
| Plaintiff, | ) Civil Action No. 6:08-3171-GRA-WMC |
| vs. | ) |
| John E. Ozmint, Director, et al., | ) **ORDER AND** |
| | ) **REPORT OF MAGISTRATE JUDGE** |
| Defendants. | ) |

This matter is before the court on the plaintiff's motion for discovery and the defendants' motion to dismiss or, in the alternative, for summary judgment. The plaintiff, a state prisoner who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

This action is premised on the plaintiff's incarceration at the Evans Correctional Institution. The plaintiff was incarcerated there from April 2005 to December 2005 as a result of convictions received in Georgetown and Williamsburg Counties. He was sentenced by Judge Newman on December 6, 2004, in Williamsburg County for assault and battery of a high and aggravated nature ("ABHAN"). He received 10 years suspended to two years jail time with two years probation and was given credit for time served on this sentence, which was calculated at 167 days. He was sentenced by Judge Baxley on August 26, 2004, in Georgetown County for Contempt of Court. He received six months, to run consecutive to any jail time received in Williamsburg County with no credit for time served. The plaintiff was released from prison on

December 15, 2005, and he is currently incarcerated at Kershaw Correctional Institution on new sentences and probation violations. He alleges claims including conditions of confinement, excessive force, denial of access to courts, conspiracy, and disparate treatment.

On February 6, 2009, the plaintiff filed a motion to amend his complaint. On February 11, 2009, the defendants filed a motion to dismiss or, in the alternative, for summary judgment. By order filed February 18, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 11, 2009, the plaintiff filed a motion for extension of time to respond to the motion for summary judgment. On April 1, 2009, this court granted the plaintiff's motion to amend his complaint and gave the defendants an opportunity to file an amended dispositive motion, which they did on May 26, 2009. By order filed May 26, 2009, pursuant to *Roseboro*, 528 F.2d 309, the plaintiff was again advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. Subsequently, on June 15, 2009, the plaintiff filed various nondispositive motions, which this court ruled upon on July 13, 2009. In that order, this court granted the plaintiff's motion for an extension of time to file a response to the motion to dismiss. The response time was extended until July 31, 2009. This court specifically instructed the plaintiff that no further extensions would be given. The plaintiff failed to file any opposition to the motion to dismiss.

**Plaintiff's Motion for Discovery**

On July 15, 2009, the plaintiff filed a "motion for leave to serve written interrogatories on Vernon Tucker." Mr. Tucker, the Education Coordinator for Kershaw Correctional Institution, is not a defendant in this case. In March 2009, the plaintiff filed a motion for preliminary injunction arguing that did not have adequate access to a law library at Kershaw, where he is currently incarcerated. Mr. Tucker's affidavit was submitted by the defendants in

2

response to the plaintiff's motion to reconsider this court's recommendation that his motion for a preliminary injunction be denied. The plaintiff seeks to serve 25 written interrogatories on Mr. Tucker "to clear up whether Plaintiff's claims regarding the inadequacy of the Kershaw Correctional Institute's law library are substantial or insubstantial." The plaintiff's motion for a preliminary injunction on this issue has been considered and reconsidered by this court and The Honorable G. Ross Anderson, Jr., Senior United States District Judge (*see* docs. 65, 92, 110). The defendants have already filed a dispositive motion, and then an amended dispositive motion after the plaintiff was allowed to amend his complaint in April 2009. This action is now over a year old. The plaintiff has had since May 26, 2009, to file a response to the motion to dismiss, and he has chosen not to do so. The plaintiff's discovery request relates only to the motion for preliminary injunction, which has already been ruled upon, and has no bearing on the issues in the motion to dismiss now before this court. The plaintiff's motion appears to be nothing more than an attempt to further delay this case. The plaintiff's motion (doc. 113) is denied.

**Defendants' Motion to Dismiss or,
in the Alternative, for Summary Judgment**

If on a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) matters outside the pleading are presented to and not excluded by the court, as here, the motion shall be treated as one for summary judgment. Fed.R.Civ.P. 12(d). Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson*

3

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

4

*Denial of Access to Courts*

The plaintiff's amended complaint alleges that he was denied access to the courts while incarcerated at Evans. The plaintiff does not give any specifics regarding how he was denied access to the courts except to make generalized statements regarding his inability to get legal research, mail, and access to notaries.

The United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). In *Bounds*, the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id*. at 828. To state a denial of access claim, a prisoner must provide some basis for his allegation that the failure to provide access to law materials and books, mail, notary services, etc. have deprived him of meaningful access to the courts. *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id*. at 352-53. A claim for failure to provide access to the courts must be pleaded with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

The plaintiff utterly fails to allege or show how the defendants' actions caused him to be injured. The plaintiff simply alleges that such rights have been violated and he has been prejudiced as a result. The affidavits of Sue Skipper, the Inmate Grievance Coordinator at Evans, and Warden Eagleton indicate that the plaintiff was provided with legal materials, access to the law library, and mail services. During his incarceration between April 28, 2005, and December 15, 2005, the weekly sign-up sheet for the law library at Evans shows that the plaintiff requested and was approved for use of the law library 17 times. Furthermore, while at Evans, the plaintiff was capable of filing a state court complaint, which is evidence that he either had

5

access to legal materials or has suffered no injury as a result of not having legal research materials. He was also allowed to receive mail after proper inspection by the facility (Skipper aff. ¶ 9). No evidence exists that any mail was unreasonably delayed or, because of such delay, the plaintiff was prejudiced. Further, no evidence exists that the plaintiff was denied access to a notary or suffered irreparable injury as a result of not having a notary available. Based upon the foregoing, this claim fails.

***Conditions of Confinement and Excessive Force***

The plaintiff also alleges claims of ill treatment by officers on two occasions, September 14 and October 18, 2005. The plaintiff alleges that on October 18, 2005, he was pepper sprayed by Captain Green and was moved to a 3'x6' holding cell where his actions were limited. He also alleges that on September 14, 2005, he was moved to administrative segregation and such confinement was inappropriate.

With regard to the plaintiff's complaints surrounding his placement in administrative segregation on September 14, 2005, Warden Eagleton testified that the plaintiff was placed in segregation because he failed to comply with the rules and policies of the facility (Eagleton aff. ¶ 7). Warden Eagleton's response to the plaintiff's grievance regarding the matter states that the plaintiff was required by policy to pay for copies of documents he made, but he did not do so (Eagleton aff., ex. 1). As for the incident on October 18, 2005, Warden Eagleton testified that the plaintiff was being disruptive and would not cooperate with the officers who were trying to subdue him. The plaintiff was sprayed with pepper spray and, after he was subdued, he was taken to the nurse and allowed to wash out his eyes and mouth. No injures were noted, and there is no evidence that the plaintiff received or needed any additional treatment for any injury (Eagleton aff. ¶ 8, ex. 1). The plaintiff was then placed in a holding cell until he was released the next day. There is no evidence that the plaintiff was chained to any structure or prohibited from moving around inside of the holding cell.

6

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "'[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).

The plaintiff has failed to show that his treatment by the defendants was sufficiently serious. Here, after the plaintiff was pepper sprayed, he was allowed to wash out his eyes and mouth, and he suffered no injury. "The Eighth Amendment's prohibition of 'cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 10-11 (1992) (quoting *Whitley*, 475 U.S. at 327). Even assuming the deprivation of a basic human need was sufficiently serious, the plaintiff has failed to show that the prison officials acted with a sufficiently culpable state of mind. Conclusory allegations, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross,* 759 F.2d at 365. Based upon the foregoing, these claims fail.

*Grievances*

The plaintiff's amended complaint sets forth an allegation that his rights have been violated because his inmate grievances have not been properly handled. There is no constitutional right to a grievance procedure or access to any such procedure voluntarily

7

established by a state. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Even if the plaintiff had a right to claim such in this action, the affidavit of Inmate Grievance Coordinator Sue Skipper indicates that his numerous grievances were all reviewed and either discussed orally or in writing with the plaintiff. Further, the plaintiff continued to file grievances both on and after the incident dates referenced in his complaint which is contrary to his allegations that he was somehow coerced or threatened by the defendants (Skipper aff. ¶¶ 5-12). The plaintiff has failed to show any evidence in support of this claim. Based upon the foregoing, this claim fails.

***Length of Confinement***

The plaintiff alleges that he was kept at Evans after his sentenced expired. Specifically he claims that his "goodtime and earned work credits" were taken from a six-month sentence that he was serving for contempt of court and such deprived him of his freedom (amended comp. at 14). The defendants submitted the affidavit of James E. Breenan, Jr., the Assistant Division Director for Inmate Records with the SCDC. According to Mr. Breenan, the plaintiff's incarceration with the SCDC from December 28, 2004, through December 15, 2005,[1] was as a result of convictions received in Georgetown and Williamsburg Counties. He was sentenced by Judge Newman on December 6, 2004, in Williamsburg County for ABHAN. He received 10 years suspended to two years jail time with two years probation and was given credit for time served on this sentence, which was calculated at 167 days. He was sentenced by Judge Baxley on August 26, 2004, in Georgetown County for Contempt of Court. He received six months, to run consecutive to any jail time received in Williamsburg County with no credit for time served (Breenan aff. ¶¶ 6-7).

The plaintiff's sentence completion date was calculated to be February 20, 2006. The plaintiff made inquires about this calculation, claiming that he should get work credit and

---

[1] Of that time period, he was incarcerated at Evans from April 28, 2005 until he was released on December 15, 2005 (Eagleton aff. ¶ 4).

8

time served credit applied to his contempt sentence. According to Mr. Breenan, it was clear that no credit was to be given toward that sentence. Based on the information received by the SCDC regarding the plaintiff's pre-trial detainment, he was credited with 167 days time served on the Williamsburg County sentence. The plaintiff filed a state court action entitled *Stacy W. Howard v. Henry D. McMaster, Attorney General, Office of Attorney General, John E. Ozmint, Director of SCDC, SCDC, Robert E. Perterson Dep. Gen. Counsel, Office of General Counsel, T. Woolbright S. Mose, C. Fox, SCDC Classification, and Mike Swartz, Admin. Of GCDC, Georgetown County Det. Cent.*, Civil Action No. 05-CP-22-816 ("'05 State Court Action"), asserting numerous allegations regarding the calculation of his credit for time served. According to the final order of Judge John L. Breeden, Jr. in the 2005 state court action, which is attached to and referenced in the affidavit of Mr. Brennan, the plaintiff "isolated certain issues regarding his credit for time served" at a hearing on the matter on December 6, 2005. Judge Breeden stated:

> Further research of these issues has revealed that, through no fault of the South Carolina Department of Corrections or Georgetown County Detention Center, the plaintiff's sentence for ABHAN received in Williamsburg County in December 2004 was calculated in a manner that did not reflect credit for the time served in the Georgetown County Detention Center under a hold from Williamsburg County for this charge (the original charge was ABWIK, but plaintiff pled guilty to ABHAN as stated above).

(Brennan aff., ex. 2, 3/8/06 Final Order). The plaintiff was immediately released when the calculation error was found (Brennan aff. ¶ 12). Judge Breeden granted the defendants' motions to dismiss the state court case and dismissed the action with prejudice (Brennan aff., ex. 2).

The defendants argue that the final order in the state court action constitutes res judicata and/or collateral estoppel of that issue (def. m. to dismiss at 13). According to Warden Eagleton's affidavit, no individual at Evans was involved with the calculations of the plaintiff's max-out date (Eagleton aff. ¶ 9). The final order in the state court action specifically found there was no fault on the part of the SCDC for calculations that did not reflect credit for the time served. There is no evidence before this court that these defendants acted inappropriately in

9

any way in regards to the release of the plaintiff. Conclusory allegations, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross,* 759 F.2d at 365. Based upon the foregoing, this claim fails.

*Disparate Treatment*

The plaintiff alleges that the defendants treated him worse than other prisoners and conspired against him (comp. at 14-15). Apparently this claim relates to his confinement claims and grievances, which are addressed above. The plaintiff has failed to show any evidence that his constitutional rights have been violated by the defendants in this regard. Accordingly, the claim fails.

*State Law Claims*

The court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims as it is recommended that summary judgment be granted on the federal claims against all defendants. *See* 28 U.S.C. § 1367(c).

## Conclusion

Wherefore, based upon the foregoing, IT IS ORDERED that the plaintiff's motion to serve interrogatories (doc. 113) is denied, and IT IS RECOMMENDED that the defendants' motion for summary judgment (doc. 85) be granted.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

November 6, 2009
Greenville, South Carolina