```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
                        GREENVILLE DIVISION
```

Stacy W. Howard,                )
                                )   C/A No.: 6:08-cv-03171-GRA
            Plaintiff,          )
                                )
        v.                      )         **ORDER**
                                )      (Written Opinion)
John E. Ozmint, Director, et al., )
                                )
            Defendants.         )
_____ )

This matter comes before the Court to review Magistrate Judge William M. Catoe's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on November 6, 2009. The magistrate recommends that this Court grant Defendants' Motion for Summary Judgment and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. For the reasons stated herein, this Court adopts the magistrate's recommendation in its entirety.

## **Background**

This action, originally filed on September 17, 2008, stems from Plaintiff's incarceration at the Evans Correctional Institution where he was housed from April 2005 to December 2005. Plaintiff was released from prison on December 15, 2005, and he is currently incarcerated at Kershaw Correctional Institution on new sentences and probation violations. He alleges claims including conditions of

confinement, excessive force, denial of access to courts, conspiracy, and disparate treatment.

On February 6, 2009, Plaintiff filed a motion to amend his complaint to add defendants and causes of action, all of which, he argued, related to his claim that he was deliberately held after his sentence expired. On February 11, 2009, Defendants filed a Motion to Dismiss or in the Alternative, a Motion for Summary Judgment. By order filed February 18, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.

On March 11, 2009, Plaintiff filed a motion for extension of time to respond to the motion for summary judgment. On April 1, 2009, the magistrate granted Plaintiff's motion to amend his complaint and gave Defendants an opportunity to file an amended dispositive motion, which they did on May 26, 2009. By order filed May 26, 2009, pursuant to *Roseboro*, 528 F.2d at 309, Plaintiff was again advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.

Subsequently, on June 15, 2009, the Plaintiff filed various nondispositive motions, which the magistrate ruled upon on July 13, 2009. In that order, the magistrate granted Plaintiff's motion for an extension of time to file a response to the motion to dismiss. The response time was extended until July 31, 2009. The

magistrate specifically instructed Plaintiff that no further extensions would be given. Plaintiff failed to file any opposition to the motion to dismiss. In fact, from July 31, 2009, until late November, 2009, Plaintiff filed nothing. It was only after the magistrate filed his Report and Recommendation on November 6, 2009, recommending dismissal that Plaintiff filed objections on November 30, 2009.

## **Standard of Review**

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

However, this Court's task is not to discern the unexpressed intent of the *pro se* litigant, but what the words in the filing mean. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). "[T]he principles requiring generous construction do have their limits. They do not require that the courts fashion out of whole cloth claims that are not squarely presented to them. 'Even in the case of *pro se* litigants, [courts] cannot be expected to construct full blown claims from sentence fragments.'" *Spencer v. Hedges*, 838 F.2d 1210 (4th Cir. 1988) (unpublished) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). As noted above, Plaintiff filed objections on November 30, 2009.

## Discussion

The Court first reiterates that it may only consider non-conclusory objections to the Report and Recommendation that direct this Court to a specific error. Plaintiff filed a fifty-seven page document with this Court. Albeit voluminous, Plaintiff's "objections" mostly reference the magistrate's Report and Recommendation and do not adequately address errors in the magistrate's proposed findings. Virtually the entire document rehashes Plaintiff's initial argument before the magistrate, recites legal authority for pages on end, or restates the alleged facts of the case. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time.

To the extent Plaintiff raises cognizable and specific objections to the magistrate's Report and Recommendation, those objections are addressed below.

A.     Cruel and Unusual Punishment

Plaintiff objects to the magistrate's finding that Plaintiff's treatment was not sufficiently serious as to give rise to cruel and unusual punishment for purposes of the Eighth Amendment. Specifically, Plaintiff claims that his treatment was sufficiently serious because further discovery would show injury and because being held in custody longer than his sentence required is a *de facto* Eighth Amendment violation.

Even if Plaintiff's contention that further discovery would show an injury were true, it is still irrelevant. In his objections, Plaintiff claims this discovery would show

a single visit to a nurse. However, as the magistrate correctly pointed out, "[t]he Eighth Amendment's prohibition of 'cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 10-11 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). A squirt of pepper spray directed at an unruly poisoner, followed by a visit to the nurse, is hardly repugnant to mankind's conscience. Further discovery is also unnecessary in this case because Plaintiff fails to show any issue of material fact, and this Court agrees with the magistrate that Defendants have shown they are entitled to judgment as a matter of law.

Plaintiff's contention that his extended confinement alone constitutes cruel and unusual punishment is also unfounded. Even if a prisoner is incarcerated after his sentence expires, it is only cruel and unusual punishment if it is the product of deliberate indifference. *See, e.g.*, *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006); *Moore v. Tartler*, 986 F.2d 682, 686 (3rd Cir. 1993). As the magistrate judge pointed out, "[P]laintiff has failed to show that the prison officials acted with a sufficiently culpable state of mind." (Mag.'s Rep. and Rec. at 7.) Plaintiff's objections do nothing to show a culpable state of mind on the part of Defendants. Moreover, in a state court action brought by Plaintiff in this matter, the state court found there was no fault on the part of the Department of Corrections for the

calculations that resulted in Plaintiff's slightly extended confinement. Therefore, Plaintiff's objections are without merit.

B.  Grievances

Plaintiff makes numerous objections regarding the magistrate's recommendation that this Court should dismiss the claims that Plaintiff's rights were violated because his grievances were not properly handled. However, the Fourth Circuit has made clear that there is no constitutional right to a grievance procedure or access to any such procedure voluntarily established by a state. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Additionally, Plaintiff's objections do little more than state conclusory allegations regarding this claim. Accordingly, Plaintiff's objections are without merit.

## **Conclusion**

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED that Defendants' Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IT IS SO ORDERED.**

                                               _____
                                               G. ROSS ANDERSON, JR.
                                               UNITED STATES DISTRICT JUDGE

December 9, 2009
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**